**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald Jay MILLER, Defendant–Appellant.**

**No. 13–30225.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2014.*

Filed April 11, 2014.

Paulette Lynn Stewart, Assistant U.S., Office of the U.S. Attorney, Helena, MT, Leif Johnson, Assistant U.S. Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Michael Donahoe, Esquire, Assistant Federal Public Defender, Helena, MT, for Defendant–Appellant.

Before: TASHIMA, GRABER, and IKUTA, Circuit Judges.

MEMORANDUM **

Ronald Jay Miller appeals from the district court's judgment and challenges the 120–month sentence imposed following his guilty-plea conviction for accessing with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Miller contends that the district court erred by concluding that his prior conviction for sexual assault, in violation of Mont. Code Ann. § 45–5–502, was an offense "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," triggering a 10–year statutory mandatory minimum sentence. *See* 18 U.S.C. § 2252A(b)(2). This contention is foreclosed by *United States v. Sinerius,* 504 F.3d 737, 744 (9th Cir.2007). We reject Miller's argument that the rule of lenity, as recently described by the Supreme Court, requires us to overrule *Sinerius. See Barber v. Thomas,* 560 U.S. 474, 488, 130 S.Ct. 2499, 177 L.Ed.2d 1 (2010) (rule of lenity "only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute") (internal quotations omitted); *see also Miller v. Gammie,* 335 F.3d 889, 892–93 (9th Cir. 2003) (en banc) (three judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority).

Further, contrary to Miller's contention, the existence of a prior conviction is a sentencing factor, not an element of the crime; therefore, it need not be charged in the indictment or found by the jury. *See Almendarez–Torres v. United States,* 523 U.S. 224, 235, 241, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *see also Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 2160 n. 1, 186 L.Ed.2d 314 (2013) (declining to revisit *Almendarez–Torres* ).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.